UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:07-CR-78 |
| | ) JUDGE GREER |
| BRIAN RUSSELL GRICE | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Brian Russell Grice and the defendant's attorney, Nikki C. Pierce, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

a) Count 1. Knowing receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The punishment for this offense is as follows: not less than five years and not more than twenty years imprisonment; up to a $250,000 fine; up to life supervised release; $100 special assessment; forfeiture of property used to facilitate violation of 18 U.S.C. § 2252A(a)(2).

b) Count 4. Using a means of interstate commerce to knowingly persuade, induce, entice or coerce an individual under the age of eighteen years to engage in any sexual activity for which any person can be charged with a criminal offense, or attempting to knowingly persuade, induce, entice or coerce an individual under the age of eighteen years to engage in any sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b). The punishment for this offense is as follows: not less than ten years imprisonment or for life; up to a $250,000 fine; up to life supervised release; $100 special assessment; forfeiture of property used to facilitate violation of 18 U.S.C. § 2422(b).

c) In consideration of the defendant's guilty pleas, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

2. The parties agree that the appropriate disposition of this case would be the following as to each count:

 a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

 b) The Court may impose any lawful fine up to the statutory maximum;

 c) The Court may impose any lawful term of supervised release;

 d) The Court will impose a special assessment fee as required by law; and

 e) The Court may order forfeiture as applicable and restitution as appropriate.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts. These are the facts submitted for the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

The defendant holds a technical degree in mechanical drafting and design from Tennessee Technical Center and is experienced as a computer-assisted drawing specialist. He was employed full-time by EcoQuest International, and he also owned a

sole proprietorship known as PDM Engineering which performed computer-related services for other businesses. The defendant was provided with the use of EcoQuest computers and with internet access via EcoQuest International.

Using the internet (a means of interstate commerce), the defendant downloaded images and videos of child pornography as defined in 18 U.S.C. Sec 2256(8). The defendant stored videos and images of child pornography on the hard drive of his computer and on computer disks and other storage media. The defendant received 1,965 images of child pornography by means of interstate commerce. These images include 26 videos (each containing at least 75 images) and 15 still images.

The child pornography which the defendant received by means of interstate commerce included depictions of minors aged less than twelve years engaged in sexually explicit conduct as defined in 18 U.S.C. Sec. 2256(2)(A); sadistic and masochistic abuse and other depictions of children engaged in violence as defined in 18 U.S.C. Sec. 2256(2)(A); and images of thirteen identifiable minors who are victims of child pornography as defined by 18 U.S.C. Sec 2256(9).

The defendant used electronic mail (e-mail), a means of interstate commerce to transmit images of child pornography and communications to his stepdaughter to knowingly induce his stepdaughter to engage in sexual activity, all of which was a crime. The defendant sent email messages to his stepdaughter asking her to "help him out" and suggesting a time of day for the sexual activity. The defendant continued to use a means of interstate commerce to knowingly induce his stepdaughter to engage in sexual activity until the day before he was arrested on January 26, 2007. At all times relevant, the defendant's stepdaughter was under the age of fifteen years.

At all times relevant, the defendant had custody, care and control of his stepdaughter. He assumed the role of the stepdaughter's parent and his stepdaughter referred to him as her father. The defendant signed email messages and written paper messages inducing his stepdaughter to engage in sexual activity with him by signing "Dad." The parties agree that the United States can prove by a preponderance of the evidence that the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, including sexual acts with a minor who had not attained the age of 12 years at the time the acts were committed.

All of the foregoing acts occurred within the Eastern District of Tennessee.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

   a) the right to plead not guilty;

   b) the right to a speedy and public trial by jury;

   c) the right to assistance of counsel at trial;

   d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

   e) the right to confront and cross-examine witnesses against the defendant;

   f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

   g) the right not to testify and to have that choice not used against the defendant.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The defendant agrees that the decision to file this motion is within the sole discretion of the United States. Should the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history,

and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. § 2252A(a)(2) and/or 18 U.S.C. § 2422(b), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following properties: One MPC Client Pro computer, serial number 3465097-0001. The defendant further agrees to assist the United States fully in the identification, recovery and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted regarding the collection of any fine and/or restitution without notifying counsel and outside the presence of counsel.

11. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s), the defendant agrees not to file a direct appeal. Thus the defendant knowingly and voluntarily waives the defendant's right to appeal the convictions and/or a sentence(s) imposed within the applicable guideline range as determined by the sentencing court in this case.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the convictions and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of

counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

12. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty plea(s), or violates any court order, local, state or federal law pending the resolution of this case, the United States will have the right to void any or all parts of the agreement. The United States may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the guilty plea(s) in this case.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

James R. Dedrick
United States Attorney

2-12-2008
Date

By: *Helen Smith*
Helen C.T. Smith
Assistant United States Attorney

2-11-2008
Date

Brian Russell Grice
Defendant

2-11-2008
Date

Nikki C. Pierce
Attorney for Defendant

USAO FORM PA 1/24/07        9