IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:07-CR-78 |
| | ) | JUDGE GREER |
| BRIAN RUSSELL GRICE | ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, submits that the presentence report for BRIAN RUSSELL GRICE correctly describes the pertinent sentencing factors of 18 U.S.C. § 3553(a), the correct advisory guideline calculation of 360 months to life incarceration pursuant to U.S.S.G. § 2G2.2 and correct criminal history level calculation of II, subject to a mandatory minimum term of five years imprisonment as required by 18 U.S.C. § 2252A(a)(2) and a mandatory minimum term of ten years imprisonment as required by 18 U.S.C. Sec. 2422(b). Restitution is a consideration and the defendant has the present ability to pay a fine.

The following subdivisions of 18 U.S.C. § 3553(a) are relevant to sentencing.

**1a.** **The nature and circumstances of the offense.**

Pursuant to a superseding indictment, the defendant was indicted on three counts of child pornography and one count of using a means of interstate commerce to induce a minor to engage in illegal sexual activity. He pled guilty to the receipt of child pornography and forfeiture of the computer and accessories used to access the child pornography and the charge which related to

1

using a means of interstate commerce to induce a minor to engage in illegal sexual activity. The United States agreed to dismiss the remaining two counts for possession of child pornography and distribution of child pornography. The defendant stipulated in the plea agreement that the 26 videos and 15 still images on his computers and storage media are child pornography as defined by 18 U.S.C. § 2256(8) and the probation officer confirmed this stipulation when she viewed a sampling of the images. The defendant stipulated that he received 1,965 images of child pornography by means of interstate commerce.

The defendant stipulated that the United States can prove by a preponderance of the evidence that the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, including sexual acts with a minor who had not attained the age of 12 years at the time the acts were committed.

**1b.  The history and characteristics of the defendant.**

The defendant is a thirty-five-year-old computer specialist. The presentence report exhaustively details the defendant's deviant sexual behavior, which includes the systematic grooming of his stepdaughter for his sexual gratification, beginning when the child was eight years old and continuing until the day before he was arrested on January 26, 2007. The defendant carefully cultivated a relationship of trust between himself and his stepdaughter and carefully desensitized her to the enormity of the unconscionable acts he visited upon her.

The defendant owned a very large child pornography collection which fed and drove his deviant sexual victimization of his stepdaughter. He used the child pornography to disarm the victim's natural defenses by portraying child sexual activity as normal. He obtained most of the child pornography via the internet, and used the internet to schedule his sexual sessions with the

child. The child pornography, the internet, and the sexual victimization of his stepdaughter are part and parcel of his utter and complete depravity.

**2A. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Congress has repeatedly evinced its determination that child pornography offenses are extremely serious. Congress enacted the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (the PROTECT Act, Public Law 108-21) in large part to enhance the penalties for crimes involving the sexual exploitation of children. In support of its enhanced sentences, Congress stated the following:

> (2) "The Government has a compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers. 'The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance,' *New York v. Ferber*, 458 U.S. 747 (1982).

The PROTECT Act, Title V. - Obscenity and Pornography, Sec. 501. Findings. The United States has a compelling interest in protecting children from individuals like the defendant who seek to exploit them. The child sexual exploitation statutes are designed to provide just punishment for the offenses that the defendant has committed. Congress reiterated its societal concern for the prevention and punishment of child sexual exploitation, when it enacted the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 2250 and 42 U.S.C. §§ 16911 *et seq. (also known as SORNA)*. The continued Congressional focus on additional protection of children from those who would exploit them by means including the internet, strongly indicates that a sentence sufficient to reflect the seriousness of the offense is warranted. The appellate courts have repeatedly stressed the strong societal interest in imposing punishment which reflects the seriousness of child exploitation crimes and provides just

3

punishment. See, for example, *United States v. Presto*, 498 F.3d 415, 421 (6th Cir. 2007) which provides in pertinent part as follows:

> As the Supreme Court has recognized, the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Second, the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled.

**2B.** **The need for the sentence imposed to afford adequate deterrence to criminal conduct.**

There is no evidence that the defendant can be deterred from sexually deviant behavior, other than incarceration. Moreover, the defendant's admitted behavior indicates that the defendant cannot control his deviant behavior without psychosexual treatment. A guideline sentence will serve as a warning to other sexual deviants to control their aberrant behavior.

**2C.** **The need for the sentence imposed to protect the public from further crimes of the defendant.**

Society has a very strong interest in protection from the defendant, who has demonstrated his complete inability to control his behavior. If he is released from custody, there is a significant probability that defendant will again place himself in close proximity to children and again lure them into inappropriate contact with him.

The court should fashion a sentence which provides maximum protection to society, particularly its most vulnerable members, from the defendant's predatory sexual practices. The United States respectfully suggests that the only sentence which will adequately protect society is life imprisonment, which is within the sentencing advisory guideline range. The court may determine that imprisonment within the advisory guideline range, with court-ordered

4

psychosexual assessment and treatment, plus supervised release for life with stringent conditions of release, as well as requiring the defendant to comply with the federal Sex Offender Registration and Notification Act, will provide society sufficient protection from the defendant.

**2D.     The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Other than the need for psychosexual evaluationt, there is no evidence that this factor is relevant at the present time.  The defendant used his purported technical degree to facilitate the commission of his crimes.  His lack of formal education did not contribute to the crime.

**3.     The kinds of sentences available.**

The probation officer has correctly described the sentencing options available.  Because the defendant is guilty of violating 18 U.S.C. § 2252A(a)(2), the court may order supervised release for a term up to life.  18 U.S.C. § 3583(k).  Moreover, the court has the discretion to order the defendant to register in compliance with the Sex Offender Registration and Notification Act upon his release from prison.  *United States v. Burke*, 252 Fed. Appx. 49, 2007 WL 3104779 (6th Cir. 2007)(affirming district court's decision to order the defendant to register under SORNA as a mandatory condition of supervised release, under the abuse of discretion standard).

**4.     The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.**

The presentence report correctly describes the guideline range for this defendant, as well as the mandatory minimum sentences.

5

Case 2:07-cr-00078-JRG-DHI   Document 60   Filed 08/15/08   Page 5 of 7   PageID #: 71

5. **Pertinent policy statement.**

There is no pertinent policy statement cited by the United States.

6. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

A sentence within the advisory guideline range would avoid disparities among similarly-situated defendants and would encourage compliance with the child pornography statutes.

7. **The need to provide restitution and order a monetary fine.**

The defendant has directly caused physical and mental health problems for his stepdaughter, which will impose a lifetime of costs upon her and her family. The Court should order the payment of restitution for these costs as well as a monetary fine.

SUMMARY

A reasonable sentence for this defendant would be life imprisonment, which is within the advisory guideline range. A guideline range sentence is sufficient but not more than necessary to reflect the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, to afford adequate deterrence, to protect the public from further crimes perpetrated by the defendant, and to provide the defendant with needed treatment for pedophilia. The defendant should be ordered to pay restitution for his victim and to pay a fine. To the extent the Court does not impose a sentence of life imprisonment, the Court should impose supervised release for the life of the defendant and order the defendant to comply with the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 for the remainder of his life, upon his release from imprisonment.

RESPECTFULLY SUBMITTED,

JAMES R. DEDRICK
United States Attorney

By: ***s/ Helen C.T. Smith***
Helen C.T. Smith
Assistant United States Attorney
220 W. Depot St., Suite 423
Greeneville, Tennessee 37743
Tel. 423-639-6759 x 110

Certificate of Electronic Filing and Service

I certify that I electronically filed the foregoing sentencing memorandum on August 15, 2008. Nikki C. Pierce, the defendant's attorney will receive a copy of the pleading via the court's electronic notice system. I have provided a copy of the memorandum to Cathy Deaderick, the probation officer who prepared the presentence report.

***s/ Helen C.T. Smith***
Assistant United States Attorney

7