UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | . | DOCKET NO. CR-2-07-78 |
| GOVERNMENT, | . | |
| VS. | . | GREENEVILLE, TN<br>AUGUST 25, 2008 |
| BRIAN R. GRICE, | . | |
| DEFENDANT. | . | |

. . . . . . . . . .

EXCERPT OF THE SENTENCING PROCEEDINGS
BEFORE THE HONORABLE J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT: U.S. DEPARTMENT OF JUSTICE
OFFICE OF U.S. ATTORNEY
HELEN C.T. SMITH, AUSA
220 WEST DEPOT STREET, SUITE 423
GREENEVILLE, TN 37743

FOR THE DEFENDANT: FEDERAL DEFENDER SERVICES OF
EASTERN TENNESSEE, INC.
NIKKI C. PIERCE, ESQ.
219 WEST DEPOT STREET, SUITE 2
GREENEVILLE, TN 37743

COURT REPORTER: KAREN J. BRADLEY
RPR-RMR
U.S. COURTHOUSE
220 WEST DEPOT STREET
GREENEVILLE, TN 37743

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT PRODUCED BY COMPUTER.

(THE FOLLOWING IS AN EXCERPT OF THE SENTENCING HEARING)

THE COURT: IN DETERMINING WHAT SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY, THE STATUTE REQUIRES THAT I CONSIDER SEVERAL FACTORS. WE HAVE ALREADY ESTABLISHED THAT THE ADVISORY GUIDELINE SENTENCING RANGE IN THIS CASE IS A TERM OF IMPRISONMENT FROM 360 MONTHS UP TO LIFE, IN OTHER WORDS, 30 YEARS TO LIFE. THAT, OF COURSE, IS A VERY SUBSTANTIAL TERM OF INCARCERATION IN THE FEDERAL SYSTEM BECAUSE THERE IS NO PAROLE IN THE FEDERAL SYSTEM, AND A 30 YEAR SENTENCE MEANS EXACTLY THAT, A 30 YEAR TERM OF IMPRISONMENT. A LIFE TERM OF IMPRISONMENT MEANS, UNLIKE IN MANY STATE COURTS, THAT THE OFFENDER WILL NEVER IN FACT BE RELEASED FROM THE FEDERAL PRISON. THAT RANGE IS AN ADVISORY RANGE. THIS COURT IS NOT BOUND BY THAT RANGE; BUT IN DETERMINING WHERE TO SENTENCE, TO CARRY OUT THE CONGRESSIONAL MANDATE, THIS COURT MUST OF NECESSITY BEGIN WITH THE ADVISORY GUIDELINE RANGE, THAT IS A TERM OF 360 MONTHS TO LIFE IMPRISONMENT.

MS. PIERCE, WHO HAS BEEN HERE MANY TIMES AND MS. SMITH AS WELL HAVE HEARD ME TALK ABOUT THE REASONS WHY THIS COURT CONSIDERS THE SENTENCING GUIDELINE RANGE TO BE AN IMPORTANT FACTOR IN SENTENCING. TO SOME EXTENT THOSE FACTORS DO NOT APPLY IN THIS CASE. AS A GENERAL RULE I FIND THE SENTENCING GUIDELINE RANGE TO BE IMPORTANT IN THE

SENTENCING DECISION FOR A COUPLE OF REASONS: FIRST OF ALL, THE RANGE AS A GENERAL RULE IS BASED UPON MORE THAN 20 YEARS OF EXPERIENCE AND STUDY BY THE SENTENCING COMMISSION. SECONDLY, THE RANGES ARE TYPICALLY BASED UPON THE GATHERING OF SUBSTANTIAL STATISTICAL AND EMPIRICAL DATA AND RESEARCH AND STUDY, AND IT'S BEEN MY VIEW THAT A DISTRICT JUDGE SHOULD NOT LIGHTLY DISREGARD THE GUIDELINE RANGE FOR THAT REASON.

IN THIS PARTICULAR CASE IT IS DIFFICULT FOR ME TO SAY THAT THIS RANGE REPRESENTS A CONSIDERED RECOMMENDATION OF THE UNITED STATES SENTENCING COMMISSION BASED UPON STUDY AND RESEARCH AND EMPIRICAL DATA BECAUSE THE SIMPLE FACT OF THE MATTER IS THAT THE GUIDELINE RANGE IN THIS CASE IS LARGELY DRIVEN BY DECISIONS MADE BY THE CONGRESS OF THE UNITED STATES. AND MS. PIERCE, WHO HAS ARGUED VERY FORCEFULLY ON YOUR BEHALF IN THIS CASE, HAS SUBMITTED ALONG WITH HER SENTENCING MEMORANDUM IN THIS CASE A PAPER THAT WAS PREPARED BY AN ASSISTANT FEDERAL DEFENDER IN THE WESTERN DISTRICT OF MISSOURI, TROY STABENOW. THIS PAPER SUGGESTS THAT BECAUSE THE GUIDELINES RELATED TO THE RECEIPT AND POSSESSION OF CHILD PORNOGRAPHY ARE BASED NOT UPON EMPIRICAL DATA, BUT RATHER UPON CONGRESSIONAL MANDATES, THAT PURSUANT TO THE RECENT PRONOUNCEMENTS OF THE UNITED STATES SUPREME COURT, THIS COURT AND OTHER DISTRICT COURTS ARE FREE TO DISREGARD

THOSE GUIDELINES OR TO GIVE THEM MUCH LESS WEIGHT THAN WOULD TYPICALLY BE AFFORDED TO THE GUIDELINES. IN FACT, SOME UNITED STATES DISTRICT COURT JUDGES AROUND THE COUNTRY HAVE IN FACT CONCLUDED THAT IN SENTENCING FOR CHILD PORNOGRAPHY POSSESSION OR RECEIPT THAT THE GUIDELINES IN FACT SHOULD NOT BE ACCORDED MUCH WEIGHT FOR THAT REASON.

THIS COURT, HOWEVER, REJECTS THAT ARGUMENT. THE SUGGESTION THAT BECAUSE THE GUIDELINES ARE DRIVEN BY CONGRESSIONAL MANDATE RATHER THAN BY STUDY CONDUCTED BY THE SENTENCING COMMISSION AND, THEREFORE, DISREGARDED BY A DISTRICT COURT IS NOT A REASONABLE ARGUMENT. I WILL QUOTE FROM THE PAPER AT PAGE 29 WHERE THE WRITER SAYS THAT CONGRESS MAKES MISTAKES, AND WHEN THE COMMISSION BLINDLY FOLLOWS OR EXACERBATES A CONGRESSIONAL MISTAKE WITH GUIDELINES THAT ARE NOT BASED ON EMPIRICAL EVIDENCE OR EXPERIENCE AND THAT ARE CONTRARY TO SENTENCING PURPOSE AND/OR CREATED -- CREATE UNWARRANTED DISPARITIES OR UNWARRANTED SIMILARITIES, THE COURTS ARE FREE TO REJECT SUCH GUIDELINES. THE REASON THE LOGIC IN THAT STATEMENT IS FLAWED IS THIS, OUR SYSTEM IS BASED UPON THREE DISTINCT BRANCHES OF THE GOVERNMENT. SETTING POLICY AND PASSING LAWS IS IN FACT THE RESPONSIBILITY OF THE UNITED STATES CONGRESS. IT SEEMS TO ME THAT IT IS NOT THE PLACE OF THE UNITED STATES DISTRICT COURT JUDGE TO EXPRESS DISAGREEMENT

WITH A POLICY DECISION MADE BY THE CONGRESS, AND, THEREFORE, DISREGARD THE STATUTE OR REFUSE TO GIVE IT EFFECT. SO LONG AS CONGRESS ENACTS POLICY, AND SO LONG AS CONGRESS ENACTS CONGRESS -- CONSTITUTIONAL STATUTES, THE COURTS OF THIS COUNTRY SHOULD APPLY THOSE POLICY DECISIONS RATHER THAN TO NULLIFY THEM BASED UPON A PARTICULAR JUDGE'S SUBJECTIVE DISAGREEMENT WITH THE CONGRESSIONALLY MADE DECISION.

WITH ALL DUE RESPECT TO THOSE JUDGES WHO HAVE COME TO THAT CONCLUSION, IT SEEMS TO ME THAT JUDGES WHO DISAGREE WITH POLICIES MADE BY THE CONGRESS EXPRESSED IN THE STATUTE SHOULD RATHER THAN ATTEMPT TO NULLIFY THEM FROM THE BENCH RESIGN THEIR POSITIONS AND RUN FOR CONGRESS. THE GUIDELINES IN THIS CASE, WHETHER BASED ON EMPIRICAL DATA OR NOT, DO IN FACT REFLECT THE CONSIDERED JUDGMENT OF THE UNITED STATES CONGRESS, A JUDGMENT THIS COURT, WHILE IT MAY HAVE THE DISCRETION TO DO SO, DOES NOT CHOOSE TO IGNORE. THE REASON FOR THAT IS QUITE SIMPLE, THE JUDGMENT OF THE CONGRESS REFLECTS THE JUDGMENT OF THE PEOPLE WHO ARE GOVERNED UNTIL THE PEOPLE WHO ARE GOVERNED MAKE A DECISION TO CHANGE THEIR REPRESENTATION IN CONGRESS. IT IS REASONABLE TO ASSUME THAT A CONGRESSIONAL POLICY DECISION REFLECTS THAT OF SOCIETY, AND IN THIS PARTICULAR CASE THE DECISIONS MADE BY THE UNITED STATES CONGRESS ARE REFLECTIVE OF SOCIETY'S RECOGNITION OF THE

SERIOUSNESS OF THE OFFENSES THAT ARE INVOLVED IN THE POSSESSION, RECEIPT, DISTRIBUTION, PRODUCTION OF CHILD PORNOGRAPHY. SO FOR DIFFERENT REASONS THAN I TYPICALLY EXPRESS, I FIND THAT THE GUIDELINE RANGE IS IN FACT AN IMPORTANT CONSIDERATION.

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

KAREN J. BRADLEY/S
SIGNATURE OF COURT REPORTER

05/27/2021
DATE