UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:07-CR-78 |
| | ) | |
| BRIAN R. GRICE | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Brian R. Grice's Motion to Re-Sentence [Doc. 74]. The United States filed a Response in Opposition [Doc. 77]. For the reasons herein, the Court will deny Mr. Grice's motion.

## I. BACKGROUND

In 2008, Mr. Grice pled guilty to one count of knowing receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of using, or attempting to use, a means of interstate commerce to knowingly persuade, induce, entice, or coerce an individual under the age of eighteen years to engage in any sexual activity for which any person can be charged with a criminal offense in violation of 18 U.S.C. § 2422(b) [Plea Agreement, Doc. 36, at 1]. Grice was later sentenced to a total of 360 months' imprisonment, and a lifetime term of supervised release [Judgment, Doc. 68 at 2-3].

Mr. Grice now moves the Court to re-sentence him, alleging that this Court committed several errors at sentencing. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is prepared to rule on Mr. Grice's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Such exceptions are prescribed by statute and are subject to applicable factors and policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. The exceptions recognized by § 3582 allow a court to reduce a term of imprisonment only where:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) The defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under § 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure,; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

## III. ANALYSIS

While few narrow exceptions exist to allow a court to modify a term of imprisonment, Mr. Grice does not seek a sentence reduction under any such exception. Instead, he cites Rule 52(a) of the Federal Rules of Criminal Procedure, discussing harmless errors. Grice seems to argue that the Court's alleged errors at sentencing were not harmless and as a result, he should be re-sentenced. The United States argues that Rule 52 provides no basis on which this Court may reconsider Mr. Grice's sentence. The United States is correct.

As previously addressed, courts are generally forbidden to modify a term of imprisonment once it has been imposed, subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011). Rule 52(a), stating "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded,", provides no such exception. Fed. R. Crim. P. 52(a). Grice also fails to identify any alternative authority that would provide the Court with a basis to consider his motion. Because Rule 52(a) does not allow a court to modify a term of imprisonment, and Mr. Grice fails to identify any alternative authority that would allow the Court to do so, this Court has no basis on which to consider his Motion to Re-Sentence.

## IV. CONCLUSION

Mr. Grice fails to show that he is entitled to a sentence reduction under Rule 52(a) and does not identify any alternative authority for this Court to consider a sentence reduction. His motion is therefore **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE